UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEMOS P. DEMOPOULOS, VICTOR
CASTELLANO, STEVEN GOLDMAN and
VINCENT THEURER, as Trustees and
Fiduciaries of the LOCAL 553 PENSION FUND;
and as Trustees and Fiduciaries of the LOCAL 553
DEFERRED COMPENSATION FUND; and as
Trustees and Fiduciaries of the LOCAL 553
BENEFITS FUND,

                    Plaintiffs,

    v.

SURE-FIRE FUEL CORP.,

                    Defendant.

---

## COMPLAINT

The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local 553 Pension Fund (the "Pension Fund"), Deferred Compensation Fund (the "Deferred Compensation Fund"), and Benefits Funds (the "Benefits Fund") (collectively, the "Funds"), by their attorneys, Friedman & Anspach, complaining of Sure-Fire Fuel Corp. ("Defendant"), allege as follows:

## INTRODUCTION

1.    The Trustees seek to recover withdrawal liability from Defendant for the Pension Fund pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and to collect delinquent contributions from Defendant for all of the Funds pursuant to Section

502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  In doing so, Plaintiffs are, <u>inter</u> <u>alia</u>, enforcing the terms of the Local 553 Pension Fund Amended and Restated Trust Agreement ("Pension Fund Trust Agreement"), the Local 553 Deferred Compensation Fund Trust Agreement ("Deferred Compensation Trust Agreement"), and the Local 553 Benefits Fund Trust Agreement ("Benefits Fund Trust Agreement") (collectively, the "Trust Agreements").

JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. §§ 1132(a)(3) and 4301(c).

3. Venue is proper pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) because Defendant's principal place of business was located in this district at all relevant times.

THE PARTIES

4. Plaintiffs are the trustees of the Funds, and plan sponsors pursuant to Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B).  The Funds are an "employee benefit plan" and a "multiemployer plan" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37).  Plaintiffs bring this action on behalf of and for the benefit of the participants of the Funds and in their respective capacities as plan fiduciaries.

5. Plaintiffs' offices are located at 265 West 14th Street, Suite 315, New York, New York 10011.  The Funds were established pursuant to the terms of collective bargaining agreements ("CBAs") between the International Brotherhood of Teamsters, Local 553 (the "Union") and various employers.  The Funds are maintained for the purposes of collecting

and receiving contributions, and providing retirement benefits pursuant to and in accordance with the Trust Agreements.

      6.      Defendant is a New York corporation which maintained its principal place of business at 2610 East Tremont Avenue, Bronx, New York 10461, and employed at least one employee covered by the CBAs at all relevant times.

## BACKGROUND

      7.      At all relevant times, Defendant was a party to and bound by the CBAs.

      8.      Pursuant to the CBAs, Defendant assumed all of the obligations imposed by the Trust Agreements.

      9.      Upon information and belief, Defendant employed at least one employee covered by the CBAs during the period from January 1, 2016 to March 27, 2018.

      10.      Pursuant to the CBAs and the Trust Agreements, Defendant agreed to submit monthly remittance reports and make contributions to the Funds on behalf of employees covered by the CBAs by the 10th day of each month.

      11.      To the extent that Defendant failed to submit a remittance report for the month it is due, the Trust Agreements set out a formula that the Trustees may use in order to estimate contributions owed.

      12.      Under the Trust Agreements, Defendant's failure to submit remittance reports for a particular month entitles the Funds to a sum for that month that is computed by adding ten percent (10%) to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the employer (hereinafter referred to as the base month). The total number of hours for the unreported period

as determined by the aforesaid is multiplied by the current contribution rate, and the amount of contributions so computed shall be binding on the employer and shall be deemed the amount due from the employer.

13. The Trust Agreements and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring an action to enforce an employer's obligations to the Funds, including, but not limited to, the obligations to report hours and pay contributions to the Funds.

14. Pursuant to the CBAs, Defendant was obligated to make contributions to the Pension Fund, at the rate of $9.25 per hour during the period from January 1, 2016 to December 15, 2016, $9.40 per hour during the period from December 16, 2016 through December 15, 2017, and $9.55 per hour during the period from December 16, 2017 to March 27, 2018, for each hour worked by an employee covered by the CBAs. The CBAs limit these hours to a maximum of 1,700 for each employee per calendar year.

15. Pursuant to the CBAs, Defendant was obligated to make contributions to the Deferred Compensation Fund at the rate of $4.50 per hour for each hour worked by an employee covered by the CBAs. The CBAs limit these hours to a maximum of 2,080 for each employee per calendar year.

16. Pursuant to the CBAs, Defendant was obligated to make contributions to the Benefits Fund at the rate of $.05 per hour for each hour worked by an employee covered by the CBAs. The CBAs limit these hours to a maximum of 2,080 for each employee per calendar year.

## FIRST CAUSE OF ACTION
## (WITHDRAWAL LIABILITY)

17. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 16, as though set forth in full herein and with the same force and effect.

18. Pursuant to the CBAs, Defendant was obligated to pay and in fact did pay contributions to the Pension Fund on behalf of employees covered by the CBAs.

19. Upon information and belief, Defendant permanently ceased operations on March 27, 2018, and therefore ceased to have an obligation to contribute to the Pension Fund. Pursuant to ERISA § 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of all contributions to the Pension Fund constitutes a "complete withdrawal" from the Pension Fund.

20. Pursuant to ERISA § 4201, 29 U.S.C. § 1381, Defendant is obligated to pay withdrawal liability to the Pension Fund for its proportionate share of the Pension Fund's unfunded vested benefits. In accordance with ERISA § 4211, 29 U.S.C. § 1391, and the applicable provisions of the Pension Fund Trust Agreement, the Pension Fund calculated Defendant's withdrawal liability to be $617,136.00.

21. By letter dated September 17, 2018, in accordance with ERISA § 4219(b)(1), 29 U.S.C. § 1399(b)(1), the Pension Fund sent Defendant a written demand for payment of its withdrawal liability, including a payment schedule, according to which Defendant was obligated to pay two hundred and twelve (212) monthly installment payments of $4,921.35, plus a final payment of $3,096.28, commencing on October 1, 2018.

22. Defendant did not contest the Trustees' finding that it had withdrawn from the Pension Fund nor did it challenge the Pension Fund's withdrawal liability assessment.

23. Defendant failed to make the initial monthly payment of $4,921.35 due on October 1, 2018. To date, Defendant has not made the initial monthly payment or any subsequent payments.

24. By letter dated October 3, 2018, the Trustees notified Defendant of its failure to make its withdrawal liability payments, and that Defendant has sixty (60) days to cure its default and make its withdrawal liability payments.

25. Defendant did not cure its failure to make monthly withdrawal liability payments. Thus, by failing to make its monthly withdrawal liability payments within sixty (60) days of receiving notice of such failure, Defendant defaulted on its withdrawal liability obligations to the Pension Fund under the provisions of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and the Trust Agreement. The entire outstanding balance of its withdrawal liability, plus interest running from October 1, 2018, the date the first payment was due, is therefore due and owing pursuant to ERISA Sections 515 and 4219(c)(5), 29 U.S.C. §§ 1145, 1399(c)(5), and Article VIII, Section 5 of the Trust Agreement.

26. In accordance with ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, the Pension Fund is entitled to receive interest at the rate of eighteen percent (18%) per annum on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

27. In accordance with ERISA Sections 502(g)(2)(C)-(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C)-(D) and 1451(b), Defendant is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above, plus costs and attorneys' fees.

### SECOND CAUSE OF ACTION
### (UNPAID CONTRIBUTIONS FROM FEBRUARY 28, 2017 TO MARCH 28, 2018)

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27, as though set forth in full herein and with the same force and effect.

29. Defendant has failed to submit remittance reports and pay contributions to the Funds during the period from February 28, 2017 to March 27, 2018.

30. Defendant's failure and refusal to pay contributions and interest has damaged the Funds by denying the Funds investment income on the unpaid contributions and by forcing the Funds to incur costs for collecting the delinquent contributions and interest.

31. Defendant is liable to the Funds for unpaid contributions during the period from February 28, 2017 to March 27, 2018; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs incurred by the Funds in pursuing the instant action, all in accordance with Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and the Trust Agreements.

### THIRD CAUSE OF ACTION
### (UNPAID CONTRIBUTIONS FROM JANUARY 1, 2016 TO FEBRUARY 28, 2017)

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31, as though set forth in full herein and with the same force and effect.

33. On February 16, 2017, Plaintiffs filed an action against Defendant in Demopoulos v. Defendant Fuel Corp., Case No. 1:17-cv-01207-PGG (S.D.N.Y.), to collect delinquent contributions for the period from January 1, 2016 to February 28, 2017.

34. Plaintiffs and Defendant entered into a settlement agreement, by which Defendant was obligated to pay the delinquent contribution in monthly installments.

35. Defendant failed to make the payments in accordance with the agreement, and defaulted.

36. The settlement agreement states, upon default, "The Trustees shall have all of the rights and remedies provided to them in this Agreement, plus all of the rights and remedies they held prior to execution of this Agreement."

37. Accordingly, Plaintiffs have regained the right to seek delinquent contributions from Defendant for the period from January 1, 2016 to February 28, 2017.

39. Defendant is liable to the Funds for the unpaid contributions during the period from January 1, 2016 to February 28, 2017; plus interest on the contributions at eighteen percent (18%) per annum from the date on which such delinquent contributions became due until the date they are remitted to the Funds; plus the greater of liquidated damages in the amount of twenty percent (20%) of the total contributions found to be owing, or additional interest; plus attorneys' fees and costs incurred by the Funds in pursuing the instant action, all in accordance with Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and the Trust Agreements.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1.On the First Cause of Action, that the Court order Defendant to pay the Pension Fund withdrawal liability in the amount of $617,136.00, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and ERISA Section 515, 29 U.S.C. § 1145; plus interest at the rate of eighteen percent (18%) per annum from the date due until the date on which judgment is entered; plus the greater of liquidated damages in the amount of twenty percent (20%) of its outstanding withdrawal liability, or additional interest in an amount equal to the interest described above; plus attorneys' fees and costs; plus such other relief as the Court deems appropriate; and

2.On the Second and Third Causes of Action, that the Court order Defendant to pay all of the unpaid contributions it owes to Plaintiffs, including, but not limited to, unpaid contributions from January 1, 2016 to March 27, 2018; plus interest on the unpaid contributions at the rate of eighteen percent (18%) per annum from the date due until the date actually paid; plus the greater of either the amount of such interest owed or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions as calculated in accord with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C); plus reasonable attorneys' fees and costs; plus such other equitable relief as the Court deems appropriate.

Dated:December 21, 2018
New York, New York

/s/
Jae W. Chun (JC-1891)

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
jchun@friedmananspach.com

Attorneys for Plaintiffs

4815-9739-9428, v. 1